UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMA (U.S.A.) LTD., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>LUMONDI, INC., *et al.*,<br><br>    Defendants.<br>_____/<br>LUMONDI, INC., *et al.*,<br><br>    Counter-Claimants,<br><br>    v.<br><br>CYMA (U.S.A.) LTD., *et al.*,<br><br>    Counter-Defendants.<br>_____/ | Case No. C-09-2802 MHP (EMC)<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION FOR SANCTIONS AND<br>REPORT AND RECOMMENDATION<br>THAT PLAINTIFFS' CLAIMS BE<br>DISMISSED**<br><br>**(Docket Nos. 71, 78)** |

    Pending before the Court is a motion for sanctions filed by Defendants and Counter-Claimants Lumondi, Inc. ("Lumondi") and Mondaine Watch Ltd. ("Mondaine") (referred to as "Lumondi and Mondaine") against Plaintiffs and Counter-Defendants Cyma (U.S.A.) Ltd. ("Cyma USA) and Cyma, S.A. ("Cyma Swiss") (collectively referred to as "Cyma"). Also before the Court is Judge Patel's Order to Show Cause (Docket No. 78) as to why:

    (1) Cyma's claims against Lumondi and Mondaine should not be dismissed;

    (2) A default judgment should not be entered against Cyma in favor of Lumondi and Mondaine on their counter-claims; and

    (3) Such other relief as requested in any further motions which are filed, including

any motions for sanctions, should not be granted.

For the reasons set forth below, the Court hereby **GRANTS** Lumondi and Mondaine's motion and dismisses Cyma's claims and recommends entry of default against Cyma on Lumondi and Mondaine's counterclaims.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arose from a dispute over a "Term Sheet" signed on June 25, 2008. Lumondi and Mondaine claimed that they were owed $64,000 pursuant to that agreement. Cyma disagreed, claiming that Lumondi and Mondaine were not owed anything because they had failed to perform. At that time, Lumondi and Mondaine was in possession of $3.5 million worth of Cyma's watches and had indicated that it would sell those watches at an auction to recoup the sums that Lumondi and Mondaine claimed were owed to them.

On June 23, 2009, Cyma filed a complaint and motion for preliminary injunction to prevent the auction. A Stipulation was signed on June 25, 2009, in which Cyma agreed to allow Lumondi and Mondaine to hold onto watches with a retail value of $128,000, twice the value of the claim by Lumondi and Mondaine against Cyma. (Docket No. 11). Since June 2009, the parties have attempted, unsuccessfully, to settle this case. A mandatory settlement conference ("MSC") was held before Geoffrey Howard on February 8, 2010 but the two sides were unable to reach an agreement. On July 23, 2010, Magistrate Judge Elizabeth Laporte issued an Order setting a MSC for September 3, 2010. (Docket No. 53). That MSC was thereafter rescheduled for September 16, 2010. (Docket No. 54). On September 15, 2010, Judge Laporte issued an Order moving the MSC to December 2, 2010. (Docket No. 59). On November 8, 2010, counsel for Cyma, Cotchett, Pitre & McCarthy, LLP, ("CPM") filed a Motion to Withdraw. On November 9, 2010, CPM filed an Amended Motion to Withdraw. (Docket Nos. 60-63).

On November 17, 2010, Judge Laporte issued an Order moving the MSC to December 9, 2010 and requiring that either Didier Roesti or Franchoise Schurch appear in person at the MSC on behalf of Cyma. (Docket No. 65). According to counsel for Lumondi and Mondaine, Cyma was sent a copy of Judge Laporte's order and were informed of the mandate that Mr. Roesti or Ms. Schurch appear at the MSC. On December 9, 2010, Judge Laporte held the MSC. Steven N.

Williams of CPM appeared as counsel for Cyma. However, no representative from Cyma USA or Cyma Swiss appeared, in violation of Judge Laporte's order.

On January 10, 2011, Judge Patel held a hearing on CPM's motion to withdraw as counsel for Cyma. That hearing was not attended by a Cyma representative. On January 13, 2011, Lumondi and Mondaine served the pending Motion for Sanctions for the nonappearance of a Cyma representative. (Docket Nos. 71-76). In response to that motion and "the failure of Cyma USA and Cyma Swiss to cooperate with their counsel of record, their failure to appear at the January 10, 2011 hearing on CPM's Motion to Withdraw, and their failure to appear at court-ordered hearings and conferences," Judge Patel issued an Order to Show Cause (Docket No. 78) as to why:

(1) Cyma's claims against Lumondi and Mondaine should not be dismissed;

(2) A default judgment should not be entered against Cyma in favor of Lumondi and Mondaine on their counter-claims; and

(3) Such other relief as requested in any further motions which are filed, including any motions for sanctions, should not be granted.

The Court thereafter scheduled a hearing for February 28, 2011. Docket No. 78. The Court thereafter granted CPM's motion to withdraw. It continued the hearing on the motion for sanctions and the order to show cause, and referred those matters to the undersigned. On March 30, 2011, this Court held a hearing on the pending motions. Cyma filed no substantive opposition to the pending motion or OSC. Nor had Cyma retailed counsel. Charles Palella, corporate counsel for Cyma, did not file an appearance in this case, but participated by telephone and stated that Cyma was attempting to retain counsel. However, Cyma provided no admissible evidence or sworn statement supporting its eleventh hour request to delay ruling until Cyma retains new counsel.

## II. DISCUSSION

A. Motion for Sanctions

Lumondi and Mondaine seek sanctions in the sum of $10,971.60 pursuant to Fed. R. Civ. P. 16(f) and Civil Local R. 1-4. Defendants claim that this is the amount expended on fees and costs to prepare and attend the December 9, 2010 MSC held by Judge Laporte.

3

1   Without a client representative, the settlement conference was futile. Cyma violated Judge
2   Laporte's orders of September 15, 2010 and November 17, 2010. These orders constitute scheduling
3   orders under Rule 16(f). In response to the motion for sanctions, Cyma does not dispute that they
4   committed sanctionable misconduct, but request only that the Court "require that counsel for
5   Lumondi and Mondaine submit time records supporting their claim for monetary sanctions." Pl.'s
6   Resp. at 5 (Docket No. 79). Courts have upheld the award of sanctions in these circumstances. *See*
7   *Official Airline Guides, Inc. v. Mindy Goss, et. al.,* 6 F.3d 1385, 1396 (9th Cir. 1993) (upholding
8   order requiring the defendant to pay attorney's fees and costs for failing to comply with an order
9   requiring attendance, at a settlement conference, by someone with settlement authority) (citing *Ford*
10  *v. Alfaro*, 785 F.2d 835, 839 (9th Cir. 1986)); *Guru Denim, Inc. v. Hayes*, 2010 U.S. Dist. LEXIS
11  52992 (C.D. Cal. May 5, 2010) (holding that the defendants "are entitled to the expenses they
12  incurred in preparing for and traveling to the Pretrial Conference" where plaintiff's counsel was
13  unprepared and had misplaced and important piece of evidence).
14  In support of their motion, Defendants provide Declarations from Tad A. Devlin and Edward
15  J. Rodzewich, attorneys for Defendants, as well as Max Robertson, Director of U.S. Operations for
16  Lumondi. (Docket Nos. 72-74). The Court finds these declarations to be sufficient to establish the
17  fees and costs reasonably expended by Defendants on the December 9, 2010 MSC. The Court
18  therefore grants Defendants' motion for monetary sanctions in the amount of $10,971.
19  B.   Order to Show Cause
20  As noted above, on January 21, 2011, Judge Patel ordered Cyma to show cause as to why (1)
21  their claims against Lumondi and Mondaine should not be dismissed; (2) a default judgment should
22  not be entered against them on Lumondi and Mondaine's counterclaims; and (3) other relief as
23  requested, *e.g.*, in the motion for sanctions, should not be granted. Docket No. 78. Federal Rule of
24  Civil Procedure 16(f) provides that the Court may on motion or on its own issue any sanction
25  authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party "is substantially unprepared to participate-or does
26  not participate in good faith-in the conference" or "fails to obey a scheduling or other pretrial order."
27  *Schudel v. Searchguy.com, Inc*., 2010 U.S. Dist. LEXIS 47125 (S.D. Cal. May 12, 2010) (striking
28  the defendant's answer and counterclaims and entering default judgment in favor of the plaintiff due

4

to the defendant's repeated failure to obey court orders and failing to appear for a pretrial conference). *See also* Fed. R. Civ. P. 16(f)(1). The court may therefore dismiss the action in whole or in part, or render a default judgement against the disobedient party. *See* Fed. R. Civ. P. 37(b)(2)(A)(v), (vi); *Malone v. U.S. Postal Service*, 833 F.2d 128 (9th Cir. 1978) ("A plaintiff can hardly be surprised by a harsh sanction in response to willful violation of a pretrial order. Rules 16(f) and 41(b) explicitly state that dismissal may be ordered for violation of a court order."); *Guru Denim, Inc. v. Hayes*, 2010 U.S. Dist. LEXIS 52992 (C.D. Cal. May 5, 2010) (dismissing action and awarding costs incurred pursuant to Rule 16(f) where plaintiff's counsel was unprepared for a pretrial conference and misplaced and important piece of evidence).

In deciding whether to issue case-dispositive sanctions under Rule 37(b)(2), the Court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). "Not all five factors need necessarily be satisfied, and the test is not to be applied in a mechanical way." *Guru Denim, supra*, 2010 U.S. Dist. LEXIS 52992 at *6-7 (citing *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096).

The first three factors weigh heavily in favor of a case-dispositive sanction. According to Lumondi and Mondaine, Cyma repeatedly flouted the court's Civil Local Rules in its Case Management Statements by repeatedly including argument couched as "background facts," over Lumondi and Mondaine's objection. *See* Docket Nos. 46, 50 (Case Management Statements indicating noncompliance with Local Civ. R. 16-10(d), which requires that a statement discuss only developments subsequent to the last statement). Cyma's prior counsel CPM indicated that they had spent months unsuccessfully attempting to get their clients to cooperate. Mot. to Withdraw at 2. Cyma requested and received a continuance of the MSC. Despite two continuances, a Cyma representative failed to attend the MSC in direct violation of Judge Laporte's order. Cyma likewise failed to respond or send a representative to the hearing on CPM's motion to withdraw. It also failed

to respond to the order to show cause or retain new counsel.  Cyma's first appearance throughout these recent proceedings was to have its corporate counsel participate by telephone at the March 30 hearing herein.  Even then counsel made clear he was not making an official appearance on behalf of Cyma.  Cyma presented no admissible evidence it was actively seeking to retain counsel.  Cyma has thus thwarted the public's interest in expeditious resolution of litigation and the Court's ability to manage its dockets.  Lumondi and Mondaine have suffered prejudice in having to defend this suit prolonged by Cyma's actions.

Although the fourth and fifth factors generally tend to weigh against a case-dispositive sanction, they are not enough to countervail the weight of the first three here.  Indeed, the fourth factor is essentially neutral, as there is little reason to expect that this case would end in a resolution on the merits rather than a default judgment, as Cyma has repeatedly failed to comply with Court orders.  An unsworn statement that Cyma will obtain new counsel, made by Cyma's corporate counsel who refused to enter an appearance, is too speculative to assuage this concern.  Absent evidence of exceptional circumstances, the Court cannot countenance Plaintiffs' repeated disregard for the Court's orders.  *See Malone*, 833 F.2d at 129 (9th Cir. 1978) ("A plaintiff can hardly be surprised by a harsh sanction in response to willful violation of a pretrial order.").

### III.   CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court hereby **GRANTS** Defendants' Motion for Sanctions.  The Court accordingly **ORDERS** that Defendants are awarded monetary sanctions of $10,971, representing Defendants' attorneys fees and costs in appearing for the December 9, 2010 settlement conference.  Plaintiffs shall remit payment in full to Defendants' counsel within thirty (30) days or face further sanctions.

The Court **RECOMMENDS** that (1) Cyma's claims against Lumondi and Mondaine be dismissed with prejudice and (2) the Court order an entry of default against Cyma on Lumondi and Mondaine's counterclaim pursuant to Rules 16(f) and 37(b)(2)(A)(vi).  Should the Court adopt this recommendation, Lumondi and Mondaine may then move for entry of default judgment and prove damages and entitlement to costs or fees accordingly.  *See* Reply at 3 (stating that $64,000 figure "is not current and has increased").

Any party may file objections to this report and recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.

This order disposes of Docket No. 71.

IT IS SO ORDERED.

Dated: April 19, 2011

```
                                    _____
                                    EDWARD M. CHEN
                                    United States Magistrate Judge
```